849 F.2d 790
 Howard BAUER and Gertrude Bauer, Plaintiffs-Appellants,
v.
RAYMARK INDUSTRIES, INC., et al., Defendants-Appellees.
Gertrude BAUER, Individually and as Executrix of the Estate
of Howard Bauer, Plaintiff-Appellant,
v.
ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants-Appellees.
 No. 709, Docket 87-7894.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 24, 1988.
Decided June 24, 1988.
 
 Steven J. Phillips, New York City (Levy Phillips & Konigsberg, Stanley J. Levy, New York City, of counsel), for plaintiffs-appellants.
 Marshall Tinkle, New York City (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Leonard G. Kamlet, New York City, of counsel), for defendant-appellee Raymark Industries, Inc.
 Arthur S. Olick, New York City (Anderson, Russell, Kill & Olick, P.C., John H. Kazanjian, James Walker Smith, New York City, of counsel), for defendants-appellees Armstrong World Industries, Inc., Eagle-Picher Industries, Inc., Owens-Corning Fiberglas Corp., Owens-Illinois, Inc., and Pittsburgh Corning Corp.
 Before FEINBERG, Chief Judge, PRATT, Circuit Judge, and DORSEY, District Judge for the district of Connecticut, sitting by designation.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 This is an appeal in a consolidated action. One action is a wrongful death action brought by the widow of Howard Bauer, individually and as executrix of his estate, for his injuries and death resulting from exposure to asbestos. The other is a personal injury action originally brought by Gertrude and Howard Bauer. For twenty-three years Bauer had been a sheet-metal worker at the Brooklyn Navy Yard. There is no dispute that asbestos products were present at the Brooklyn Navy Yard, or that Bauer had suffered from mesothelioma. The only issues to be tried in the consolidated proceeding were: whether Bauer was exposed to the particular asbestos product(s) of any of the defendants, whether that asbestos caused Bauer's disease and death, and the amount of compensatory damages, and punitive damages, if any.
 
 
 2
 The district court bifurcated the issues for trial and heard first the evidence bearing on whether Bauer's lung tissue had been exposed to the asbestos-containing products of each of the defendant companies. On this issue, the jury returned special verdicts in favor of all defendants, thereby deciding the entire case against the plaintiff. Plaintiff moved for a new trial and for judgment n.o.v., claiming that the jury's verdicts were not supported by the weight of the evidence. The district court denied both motions and this appeal followed.
 
 DISCUSSION
 
 3
 On appeal, plaintiff contends that the district court should have granted either her motion for a new trial or her motion for judgment n.o.v. The ground for both contentions is plaintiff's claim that the special verdicts were against the weight of the evidence.1. The Evidence at Trial.
 
 
 4
 The defendants manufactured asbestos products, and, according to admissions and stipulations, some of their products were used in shipyards, including the Brooklyn Navy Yard, during the period 1943 through 1966 when Bauer worked there. Plaintiff concedes that asbestos products of nondefendant companies were also present at the Brooklyn Navy Yard during the time Bauer was employed there; indeed, Bauer testified, through his videotaped deposition, that in 1943-44, his first year of work in the shipyard, he saw mostly asbestos products manufactured by Johns-Manville, which is not a defendant in this case. He also testified, however, that defendant Owens-Corning Fiberglas manufactured a large share of the asbestos products he observed in the Brooklyn Navy Yard during the years 1946-60.
 
 
 5
 Bauer further testified that he had worked in close vicinity to asbestos products that were installed as insulation around pipes and duct work, and that at times he had worked with cloth that he believed contained asbestos, but that was not labeled with the manufacturer's name. His identification of the manufacturers of the asbestos to which he was exposed was, according to his own testimony, primarily based on observing containers with the manufacturers' names printed on them.
 
 
 6
 Bauer testified that he did not install asbestos insulation; rather, other workers installed asbestos products while he worked in the same vicinity. He also testified that he was "much more exposed" to asbestos when working on the conversion of a ship than when he was installing sheet metal; that a conversion job involved tearing out insulation that had previously been installed; but that he could not identify the manufacturers of the asbestos torn out during the conversion jobs.
 
 
 7
 2. Plaintiff's Motion for a New Trial.
 
 
 8
 The district court should grant a motion for a new trial when "convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice". Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966, 970 (2d Cir.1987); see also Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d 127, 132 (2d Cir.1986). On appeal, however, our review of the district court's denial of such a motion is limited: we may reverse only for a clear abuse of discretion, and when a new trial is sought on the ground that the verdict was against the weight of the evidence "we have disclaimed the authority to review a ruling on such a motion". Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d at 133.
 
 
 9
 Because plaintiff's only claim on appeal is that the verdict was against the weight of the evidence, we will not review the district court's denial of the motion for a new trial.
 
 
 10
 3. Plaintiff's Motion for Judgment Notwithstanding the Verdict.
 
 
 11
 The district court denied plaintiff's motion for a judgment n.o.v., stating that the verdict of the jury was not against the weight of the evidence. Judgment n.o.v. should be granted only when
 
 
 12
 (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [people] could not arrive at a verdict against him.
 
 
 13
 Mallis v. Bankers Trust Co., 717 F.2d 683, 688-89 (2d Cir.1983) (citation omitted). See also Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d at 132.
 
 
 14
 Plaintiff argues that no reasonable jury could possibly have concluded that there was not "any asbestos from any of defendants' products in Howard Bauer's lungs"; but that conclusion was not required to support these verdicts, for the burden of proof was on plaintiff. We are satisfied that, based on the evidence before it, the jury could reasonably have found that even though Mr. Bauer was exposed to asbestos, the plaintiff did not show such overwhelming evidence that he was exposed to the products of any of these defendants, as opposed to the products of nondefendant asbestos manufacturers, that " 'reasonable and fair minded [people] could not arrive at a verdict against' " her. Mallis, 717 F.2d at 689 (citation omitted).
 
 
 15
 4. Other Contentions.
 
 
 16
 Defendants urge us to affirm the denial of the judgment n.o.v. because plaintiff failed to comply with Fed.R.Civ.P. 50(b) by moving for a directed verdict. Plaintiff argues that, in effect, she had moved for a directed verdict in her pretrial motion for summary judgment. In light of our affirmance of the denial of the judgment n.o.v. motion on the merits, we need not decide whether plaintiff's pretrial motion was sufficient to satisfy Rule 50(b).
 
 
 17
 Plaintiff suggests that she was somehow prejudiced by the trial court's bifurcation of the issues presented at trial. While we note that the question of bifurcation rests largely in the sound discretion of the trial judge, see In re Master Key Antitrust Litigation, 528 F.2d 5, 11 (2d Cir.1975), we need not pass on the question because plaintiff raised no objection to the procedure before the trial court and therefore failed to preserve this issue for our review.
 
 CONCLUSION
 
 18
 The judgment of the district court is affirmed.